*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0749**

State of Minnesota,
Respondent,

vs.

Cole Michael Habinger,
Appellant.

**Filed December 27, 2016
Affirmed
Kirk, Judge**

Blue Earth County District Court
File No. 07-CR-15-1165

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Patrick R. McDermott, Blue Earth County Attorney, Susan B. DeVos, Assistant County Attorney, Mankato, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Rodenberg, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**KIRK**, Judge

Appellant challenges the district court's decision to revoke his probation and to execute his 36-month prison sentence, arguing that: (1) the court abused its discretion when

it declined to follow probation's sentencing recommendation, and (2) there was insufficient evidence to support the court's finding that revocation was necessary to protect the public. We affirm.

**FACTS**

On July 14, 2015, while in custody, appellant Cole Michael Habinger pleaded guilty to felony driving while impaired (DWI). Pursuant to the plea agreement, appellant was released directly to an inpatient treatment facility. A sentencing hearing was scheduled for November 23. On November 10, an arrest warrant was issued for appellant after he violated the conditions of his presentencing release. Appellant was charged with two new criminal offenses before he was arrested, one for disruptive intoxication and one for theft. A preliminary breath test (PBT) indicated that appellant had alcohol in his system at the time of the theft offense. Appellant was arrested on November 17, and he refused to provide a urine sample to jail staff at the request of probation. Appellant was remanded to custody until sentencing.

On November 23, the district court sentenced appellant to 36 months in prison, and stayed execution for seven years. On December 29, an arrest warrant was issued for appellant after he violated the conditions of his probation by failing to begin electronic-alcohol monitoring, to report for a probation meeting, and to provide probation with accurate contact information after his release from jail. Appellant was arrested on January 31, 2016, and a PBT indicated that he had alcohol in his system.

Appellant was remanded to custody until his February 5 probation-violation hearing, where he admitted to all three probation violations and that he was out of contact

2

with probation for about a month prior to his arrest. Appellant's probation agent recommended that he be ordered to serve 90 days in jail, with the possibility of early release to a secure treatment facility. The state argued that appellant should be ordered to serve 270 days in jail.

The district court stated that it was concerned about appellant and about public safety because "[w]e've been down this road before and we're always at the same result." The district court noted that appellant continued to use alcohol despite completing treatment, and that, according to the presentence investigation (PSI), appellant was "on a dangerous path of self-destruction with escalating alcohol and drug use and creating a significant threat to public safety." It also noted that before the current offense, appellant was convicted of "three prior DWIs in a short amount of time all putting [appellant] and others at risk." The district court emphasized that appellant basically absconded when he failed to report to his probation agent, that this violation was very serious, and that it could not "trust that [appellant] . . . [was] not going to drink and drive again."

The district court concluded that appellant's probation violations were "intentional and inexcusable" and that "the need for confinement outweighs the policies favoring probation because . . . confinement is necessary to protect the public from further criminal activity." The district court executed appellant's 36-month prison sentence, with credit for 172 days.

This appeal follows.

**D E C I S I O N**

"A district court has 'broad discretion in determining if there is sufficient evidence to revoke probation and should be reversed only if there is a clear abuse of that discretion.'" *State v. Modtland*, 695 N.W.2d 602, 605 (Minn. 2005) (quoting *State v. Austin*, 295 N.W.2d 246, 249-50 (Minn. 1980)). "Before revoking a probationary sentence, a district court must: (1) specifically identify the condition or conditions violated; (2) find that the violation was intentional or inexcusable; and (3) find that the policies favoring probation no longer outweigh the need for confinement." *State v. Osborne*, 732 N.W.2d 249, 253 (Minn. 2007) (citing *Austin*, 295 N.W.2d at 250). The district court must make specific findings that establish the "substantive reasons for revocation and the evidence relied upon" and may not simply "recit[e] the three factors and offer[] general, non-specific reasons for revocation." *Modtland*, 695 N.W.2d at 608. "[W]hether a lower court has made the findings required under *Austin* presents a question of law, which is subject to de novo review." *Id.* at 605.

Appellant challenges the district court's finding on the third *Austin* factor, arguing that the district court abused its discretion when it revoked his probation because the record does not establish that the need to incarcerate him outweighs the policies favoring probation. Appellant also challenges the evidentiary support for the district court's finding that revocation of his probation was necessary to protect the public. He argues that because his probation violations did not constitute criminal conduct, he did not put the public at risk. Appellant asserts that it was improper for the district court to rely on his previous presentence-release violations because those violations are not related to his probation

4

violations. Appellant does not cite to any legal authority in support of this assertion. Appellant requests that this court reverse the district court's execution of his sentence.

When considering the third *Austin* factor, "district courts must bear in mind that policy considerations may require that probation not be revoked even though the facts may allow it and that the purpose of probation is rehabilitation and revocation should be used only as a last resort when treatment has failed." *Modtland*, 695 N.W.2d at 606 (quotations omitted). "When determining if revocation is appropriate, courts must balance the probationer's interest in freedom and the state's interest in insuring his rehabilitation and the public safety, and base their decisions on sound judgment and not just their will." *Id.* at 606-07 (quotations omitted). "The decision to revoke probation cannot be a reflexive reaction to an accumulation of technical violations but requires a showing that the offender's behavior demonstrates that he or she cannot be counted on to avoid antisocial activity." *Osborne*, 732 N.W.2d at 253 (quotation omitted).

The Minnesota Supreme Court has instructed that, when making findings on the third *Austin* factor, district courts should consider whether:

> (i) confinement is necessary to protect the public from further criminal activity by the offender; or
> (ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined; or
> (iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.

*Modtland*, 695 N.W.2d at 607 (quoting *Austin*, 295 N.W.2d at 251). The district court need only make a finding on one of the three sub-factors to satisfy the third *Austin* factor. *Austin*, 295 N.W.2d at 251.

At the probation-violation hearing, the district court expressly found that the need for confinement outweighed the policies favoring probation because confining appellant was necessary to protect the public. In reaching this conclusion, the district court listed its justifications, which show that the court did not reflexively revoke appellant's probation in response to technical violations. The district court did not believe appellant would remain law abiding if probation was reinstated, and it concluded that he could not be counted on to avoid antisocial activity. The evidence the district court relied upon was sufficient to support its finding that revocation of appellant's probation was necessary to protect the public.

The district court satisfied the third *Austin* factor and did not abuse its discretion by revoking appellant's probation. *See, e.g.*, *State v. Losh*, 694 N.W.2d 98, 102 (Minn. App. 2005) (affirming the revocation of appellant's probation where "the district court found [her] continued use and involvement with controlled substances [to be] a danger to the public interest"), *aff'd*, 721 N.W.2d 886 (Minn. 2006).

**Affirmed.**